UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA,     Plaintiff,

v.     Criminal Action No. 3:23-cr-61-DJH

MARKUS STILLWELL (1) and
TEAIRA STOKES (2),     Defendants.

\* \* \* \* \*

## MEMORANDUM OF CONFERENCE AND ORDER

A telephonic status conference was held in this matter on November 2, 2023, with the following counsel participating:

    For the United States:     Alicia Gomez

    For Defendants:     John Casey McCall
                                     Patrick Renn

The Court and counsel discussed the procedural posture of the case. The United States reported that discovery is ongoing and that it expects to provide initial discovery to counsel for Defendant Teaira Stokes shortly. In light of the recently returned superseding indictment (Docket No. 22), counsel for Defendant Markus Stillwell previewed an anticipated motion to remand the trial date. Counsel for Stokes expressed support for continuing the trial and the United States did not oppose the motion. Based on the discussion during the conference, and by agreement of the parties, it is hereby

**ORDERED** as follows:

(1)     Defendant Markus Stillwell's unopposed motion to remand the trial date (D.N. 36) is **GRANTED**. The trial of this matter, currently set for January 16, 2024, is **CONTINUED and REMANDED** from the Court's docket. All outstanding pretrial dates and deadlines are **VACATED**.

1

(2) This matter is **SET** for a status hearing on **December 19, 2023, at 10:30 a.m.** at the U.S. Courthouse in Louisville, Kentucky.

(3) Pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), (h)(7)(B)(ii), and (h)(7)(B)(iv), the Court finds that **the period of delay from November 2, 2023, to December 19, 2023, is excludable in computing the time within which the trial must commence under the Speedy Trial Act**. The Court finds that the ends of justice served by this delay outweigh the best interests of the public and the defendants in a speedy trial because the defendants and their counsel would otherwise be denied the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. See § 3161(h)(7)(B)(iv); *Zedner v. United States*, 547 U.S. 489 (2006). This delay is not due to "general congestion of the court's calendar, or lack of diligent preparation or failure to obtain available witnesses on the part of the attorney for the Government." § 3161(h)(7)(C).

November 8, 2023

David J. Hale, Judge  
United States District Court

Court Time: 00/05  
Court Reporter: Dena Legg

cc: Jury Administrator